PILLSBURY WINTHROP SHAW PITTMAN LLP
COLIN T. KEMP (CSBN 215408)
colin.kemp@pillsburylaw.com
KENNETH E. KELLER (CSBN 71450)
kenneth.keller@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

Attorneys for Petitioner
SUNSELECT PRODUCE (CALIFORNIA), LP (f.k.a.
SUNSELECT PRODUCE (CALIFORNIA), INC.)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| SUNSELECT PRODUCE (CALIFORNIA), LP (f.k.a. SUNSELECT PRODUCE (CALIFORNIA), INC.),<br><br>Petitioner,<br><br>vs.<br><br>MASTRONARDI INTERNATIONAL LIMITED,<br><br>Respondent. | CASE NO.<br><br>**SUNSELECT'S REDACTED PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRAL AWARD** |

SUNSELECT PRODUCE (CALIFORNIA), LP (f.k.a. SunSelect Produce (California), Inc.; hereinafter "Petitioner" or "SunSelect") by and through its undersigned attorneys, for its Petition to Recognize and Enforce Foreign Arbitral Award against Mastronardi International Limited ("Respondent" or "Mastronardi"), alleges as follows:

## PRELIMINARY STATEMENT

1. SunSelect commences this proceeding to recognize and enforce the partial final foreign arbitral award issued by Arbitrator Joe McArthur (the "Arbitrator") on May 22, 2020[1] in favor of SunSelect and against Mastronardi in Vancouver, British Columbia, Canada (the "Award")[2] and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207. A duly certified copy of the Award is attached as Exhibit A to the Kemp Declaration and incorporated herein by reference.

2. The Court has jurisdiction and authority to enforce the Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"), incorporated into the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208.

## THE PARTIES

3. SunSelect is a limited partnership organized and existing under the laws of the State of California. At the time of the events in question (*i.e.*, 2016-2018), SunSelect's principal place of business, and its 64-acre greenhouse, were located in Tehachapi, California.[3]

4. SunSelect is informed and believes that Mastronardi is a corporation organized and

---

[1] The Award is dated May 20, 2020 but was issued to the Parties via email on May 22, 2020. (See Confidential Declaration of Colin T. Kemp In Support Of SunSelect's Petition to Recognize and Enforce Foreign Arbitral Award, submitted to the Court together with the concurrently submitted Request to Seal ("Kemp Declaration" or "Kemp Decl.") ¶ 4.)

[2] The Award is final, albeit denominated a "Partial Final Award," because it finally and completely disposes of the claims asserted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Such an award is deemed final under federal law even if separate issues in the arbitration are pending. (See, e.g., *Hyosung (Am.) Inc. v. Tranax Techs. Inc.*, No. C 10-0793 VRW, 2010 WL 1853764, at *2 (N.D. Cal. May 6, 2010), citing *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986).) Most analogous here, a partial award that determines liability, but leaves attorney fees and costs or damages for a later date, is a partial **final** award that may be confirmed. (*Id.* at *5.)

[3] SunSelect sold its Tehachapi greenhouse to a third party on December 31, 2019. Thereafter, on or about May 1, 2020, SunSelect converted from a California corporation to a California limited partnership.

existing under the laws of the State of Michigan, with its principal place of business in Livonia, Michigan; that Mastronardi is engaged in the business of buying and selling wholesale quantities of fruits and vegetables both for the domestic United States market and internationally; and that Mastronardi's West Division is located in Castroville, California.

## JURISDICTION AND VENUE

5.   This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the New York Convention, incorporated into the FAA, 9 U.S.C. §§ 201-208.

6.   Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 because the Parties' arbitration agreement and the enforcement of the arbitration award fall under the terms of the New York Convention, and a proceeding relating to the Parties' dispute could have been brought in this District if not for the Parties' agreement to arbitrate the dispute in British Columbia, Canada. Mastronardi also subjected itself to the jurisdiction of this Court by filing that certain related action styled, *Mastronardi International Limited v. SunSelect Produce (California), Inc.*, Case No. 18-cv-00737-AWI-JLT (E.D. Cal.), in this venue on or about May 29, 2018 (the "Related Case").[4]

## FACTUAL BACKGROUND

7.   In late 2016, Mastronardi approached SunSelect about entering into an agreement for SunSelect to grow Mastronardi's special Piccolo variety tomatoes (the "Product"). Based on Mastronardi's representations to SunSelect regarding, among other things, the expected yield for the Product, SunSelect entered into that certain "Fresh Produce Purchase Agreement (Fixed Pricing Including Seed Sales)," effective January 30, 2017 (the "Agreement"). (*See* Kemp Decl., ¶ 5, Ex. B (hereinafter, cited as "Agreement").)[5]

8.   As its Recitals explain, the Agreement concerns the sale and purchase of the

---

[4] The Honorable Anthony W. Ishii has issued several substantive rulings in the Related Case. (*See* Related Case, Docket Entry Nos. 19, 34, and 51; *see also* Kemp. Decl., ¶ 6).
[5] Neither party has contested the authenticity of the Agreement. Indeed, Mastronardi also attached a copy of the Agreement to its complaint in the Related Case. (*See* Related Case, Docket Entry No. 1, Ex. A.)

Product:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

(Agreement p. 1, Recitals.)

9. Under the Agreement, SunSelect agreed to ████████████████████ ████████████████ (Agreement p. 1, § 1.) Subject to Mastronardi complying with the terms of the Agreement, ██████████████████████████████████████ █████████████████████████████████████████ (*Id.* p. 5, § 15.) Correspondingly, Mastronardi agreed to █████████████████████ █████████████████ (*Id.* p. 3, § 7(b).) Mastronardi also agreed to ████████ █████████████████████████████████████████ █████████████████ (*Id.* p. 3, § 8(e).)

10. After the Parties entered into the Agreement, a dispute arose pertaining to, among other things, Mastronardi's representations about the expected crop yield for the Piccolo variety tomatoes and Mastronardi's failure to pay SunSelect for produce under the Agreement.

11. The Agreement's "Disputes" provision provides in full:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

(Agreement, p.7, § 22 ["Arbitration Provision"].)[6]

12. In accordance with the Arbitration Provision, the Parties' senior management

---

[6] Judge Ishii issued a detailed ruling in the Related Case interpreting the Arbitration Provision. (*See* Related Case, Docket Entry No. 19 [Order Denying Motion to Dismiss or Stay Proceeding Pending Arbitration].)

1   attempted to resolve the dispute, but their efforts were unsuccessful.

2   13.   On June 20, 2018, SunSelect therefore referred and submitted the Parties' dispute, styled *In the Matter of an Arbitration Pursuant to the Fresh Produce Agreement dated 30th day of January 2017 (the "Agreement"), Between SunSelect Produce (California), Inc., Claimant, and Mastronardi International Limited, Respondent, BCICAC FILE NO.: DCA-1988)* ("Arbitration"), to the British Columbia International Commercial Arbitration Centre ("BCICAC") for a final and binding determination by a single arbitrator.  (Award, ¶ 6.)

14.  ███████████  (*Id.*) ███████████ and both SunSelect and Mastronardi thereafter participated in the Arbitration.  (*Id.*)

15.  ███████████  (*Id.*)

16.   The Arbitrator evaluated the evidence put forth by both Parties and, on May 22, 2020, issued an Award in SunSelect's favor.  The analysis and conclusions in the Award are incorporated by reference and, most notably, SunSelect was awarded:

17.  ███████████ (*Id.*, ¶ 220.) ███████████ (*Id.*, ¶ 221.) ███████████

18.   As to the amounts and findings set forth therein, the Award is final, valid, and enforceable according to the laws of British Columbia, Canada.  Moreover, the Arbitration Provision expressly provides that the Arbitrator's ███████████

1     ▮▮▮▮     (Agreement, p.7, § 22.)

2     19.    Mastronardi has not made any payments pursuant to the Award and Mastronardi's counsel has refused to confirm that Mastronardi will may any such payment. (*See* Kemp. Decl., ¶ 7.)

## COUNT ONE

**(Recognize and Enforce Foreign Arbitration Award under the Federal Arbitration Act)**

20.    SunSelect repeats and realleges paragraphs 1 through 19 above as if fully set forth and stated herein.

21.    Under the New York Convention:

> "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

(9 U.S.C. § 207.)

22.    A court has jurisdiction under the New York Convention when an action or proceeding "falls under" the Convention. 9 U.S.C. § 203. An action falls under the Convention when the following four factors are met: (1) there is an agreement in writing; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. (9 U.S.C. § 202; *Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009).)

23.    If a court has jurisdiction under the Convention, it must confirm an arbitration award unless it determines that one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention applies. (9 U.S.C. § 207; *see also Pharmaniaga Berhad v. E\*HealthLine.com, Inc.,* 344 F.Supp.3d 1136, 1141 (E.D. Cal. 2018), *appeal dismissed sub nom*, *Pharmaniaga Berhad v. EHealthLine.com, Inc.*, No. 18-16917, 2018 WL 6918873 (9th Cir. Dec. 21, 2018), ["A petitioner seeking the confirmation of a foreign arbitral award satisfies its

burden by submitting copies of (1) the award and (2) the agreement to arbitrate. 21 U.S.T. 2517, Art. IV."].)

24. The grounds for refusal or deferral under the Convention are: (1) the parties to the agreement were under some incapacity or the agreement is not valid under the laws the parties have subjected it to; (2) the party against whom the award was invoked did not receive proper notice; (3) the award contains decisions on matters outside the scope of the arbitration agreement; (4) the composition of the arbitral authority was not in line with the agreement of the parties or was not in line with the law under which the award was made; and (5) the award is not binding on the parties, or it has been set aside by a competent authority in the country where it was made.  (21 U.S.T. 2517, Art. V. §§ 1(a)-(c).)

25. "These defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies." (*Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011).)  They are "the exclusive grounds for refusing enforcement of a foreign arbitral award." (*Pharmaniaga Berhad*, 344 F.Supp.3d at 1141, citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997) ["There is now considerable caselaw holding that, in an action to confirm an award rendered in, or under the law of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the [New York] Convention are the only grounds available for setting aside an arbitral award."].).

26. Here, the Agreement "falls under" the Convention because there is a written agreement to arbitrate in Canada, a signatory of the Convention, and the Agreement arises out of a commercial contractual relationship regarding the purchase of produce.  The commercial relationship has some reasonable relation with Canada, where, for example, the Parties contracted to hold the Arbitration.

27. In compliance with 9 U.S.C. § 207, this Petition is brought within three years after the Award was issued on May 22, 2020.

28. SunSelect is not aware of any proceedings commenced by Mastronardi or otherwise

in British Columbia, Canada for the purpose of correcting or interpreting the Award or to contest the validity of the Award.

29. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Award.

30. Therefore, pursuant to 9 U.S.C. § 207, SunSelect requests that this Court recognize and enforce the Award and enter judgment in favor of SunSelect and against Mastronardi in the amounts listed in the Award.

**WHEREFORE**, SunSelect respectfully requests that this Court:

31. Issue an order pursuant to 9 U.S.C. § 207 recognizing and enforcing the Award;

32. Enter judgment in favor of SunSelect and against Mastronardi in accordance with the Award, and thus specifically:

    A. Awarding SunSelect damages in the following amounts:

        ■ ████████████████████████████████████

        ■ ████

        ■ ████████████████████████████

    B. Maintaining this Court's jurisdiction over this matter until such time as Mastronardi has fully complied with the Award;

    C. Awarding SunSelect costs and fees accrued in bringing this action for recognition and enforcement; and

    D. Awarding SunSelect such other and further relief as this Court deems just and proper.

Dated: May 26, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Colin T. Kemp
     COLIN T. KEMP
     SUNSELECT PRODUCE (CALIFORNIA), LP (f.k.a. SUNSELECT PRODUCE (CALIFORNIA), INC.)